UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

CAROLE BASKIN
and HOWARD BASKIN,

    Plaintiffs,

v.                                Case No. 8:21-cv-2558-VMC-TGW

ROYAL GOODE PRODUCTIONS LLC
and NETFLIX, INC.,

    Defendants.
_____/

**ORDER**

This matter comes before the Court upon consideration of Plaintiffs Carole Baskin and Howard Baskin's Emergency Motion for Temporary Restraining Order and/or Preliminary Injunction (Doc. # 4), filed on November 1, 2021. For the reasons that follow, the Motion is denied to the extent it seeks a temporary restraining order but is referred to Magistrate Judge Thomas G. Wilson to the extent it seeks a preliminary injunction.

**Discussion**

Through this Motion, the Baskins seek to prevent Defendants Royal Goode Productions LLC and Netflix, Inc. from using any footage of the Baskins or the Big Cat Rescue sanctuary in the documentary *Tiger King 2*, which is scheduled

to be released on November 17, 2021. (Doc. # 3). Although the Baskins signed a release when they were filmed for the original *Tiger King* documentary, they did not sign a release for or otherwise participate in the filming of *Tiger King 2*. (Doc. # 1 at 13, 16-17). Thus, in essence, they are seeking to prevent footage that was taken of them during the filming of *Tiger King* from being used in *Tiger King 2* or its promotional materials.

A court may issue a temporary restraining order if the movant establishes: "(1) a substantial likelihood of success on the merits; (2) that irreparable injury will be suffered if the relief is not granted; (3) that the threatened injury outweighs the harm the relief would inflict on the non-movant; and (4) that entry of the relief would serve the public interest." Schiavo ex rel. Schindler v. Schiavo, 403 F.3d 1223, 1225-26 (11th Cir. 2005). "The movant bears the burden of establishing entitlement to a temporary restraining order." Edwards v. Cofield, No. 3:17-cv-321-WKW, 2017 WL 2255775, at *1 (M.D. Ala. May 18, 2017) (citing Parker v. State Bd. of Pardons & Paroles, 275 F.3d 1032, 1034–35 (11th Cir. 2001)). "[A] [temporary restraining order] is an extraordinary and drastic remedy that should not be granted unless the movant clearly carries its burden of persuasion on

each of these prerequisites." Suntrust Bank v. Houghton Mifflin Co., 252 F.3d 1165, 1166 (11th Cir. 2001) (per curiam) (citation omitted).

    Here, the Court is not convinced at this juncture that the Baskins' anticipated injury — including injury to their reputations — if the previously obtained footage of them is used in the new documentary qualifies as irreparable. "An injury is 'irreparable' only if it cannot be undone through monetary remedies." Cunningham v. Adams, 808 F.2d 815, 821 (11th Cir. 1987). While the Court understands the Baskins' frustration, it does not appear that inclusion of Defendants' footage of the Baskins will cause any immediate harm that cannot be compensated with monetary damages. See St. Lucie Jewelry, Inc. v. Jewelry Mgmt. Servs., LLC, No. 13-14149-CIV, 2013 WL 12094852, at *2 (S.D. Fla. Apr. 22, 2013) ("No temporary restraining order is warranted here because there is no 'clear' showing of 'immediate and irreparable injury' justifying the rendition of an expedited injunction. The Plaintiff does allege the injuries of lost profits and reputational harm, but these are not the kind of immediate harms, under the circumstances pled here, that is needed for a temporary restraining order."), report and recommendation approved sub nom. St. Lucie Jewelry, Inc. v. Jewelry Mgmt.

Servs., No. 13-14149-CIV, 2013 WL 12094854 (S.D. Fla. June 14, 2013).

Nor is the Court convinced at this time that enjoining Defendants from the scheduled release of the documentary because of any included footage of the Baskins is in the public's interest. See Psihoyos v. John Wiley & Sons, Inc., No. 11 CIV. 1416 JSR, 2011 WL 4634172, at *3 (S.D.N.Y. Oct. 4, 2011) ("Finally, the Court concludes that the public interest would be disserved by a preliminary injunction. '[T]he normal reluctance to impose a summary restraint in advance of a full and complete trial is particularly acute in a case . . . which deals with the publication of a book.' The Second Circuit has indicated that, before a court may 'intrude into an area fraught with sensitivity because of its possible impingement upon fundamental democratic and intellectual institutions,' a plaintiff must unequivocally show its entitlement to the relief sought from both a legal and factual perspective." (citations omitted)); see also Belushi v. Woodward, 598 F. Supp. 36, 37 (D.D.C. 1984) ("[T]here is a competing public interest in this case: the promotion of free expression and robust debate.").

Because the Court is not persuaded that the Baskins will suffer irreparable injury unless a temporary restraining

4

order is issued or that the public interest favors entry of a temporary restraining order, the Court need not address the likelihood of success on the merits or the balance of hardships.

Importantly, the Court merely finds that the Baskins are not entitled to the extraordinary remedy of a temporary restraining order, which would be entered before Defendants have had an adequate opportunity to respond. The Court takes no position on whether the Baskins will be able to establish entitlement to a preliminary injunction.

Accordingly, it is

**ORDERED, ADJUDGED,** and **DECREED:**

(1) Plaintiffs Carole Baskin and Howard Baskin's Emergency Motion for Temporary Restraining Order and/or Preliminary Injunction (Doc. # 4) is **DENIED** to the extent it seeks a temporary restraining order.

(2) To the extent it seeks a preliminary injunction, the Motion is referred to the Honorable Thomas G. Wilson, United States Magistrate Judge, pursuant to 28 U.S.C. § 636(b)(1)(B), for an evidentiary hearing and the issuance of a Report and Recommendation.

**DONE** and **ORDERED** in Chambers in Tampa, Florida, this 1st day of November, 2021.

_____
VIRGINIA M. HERNANDEZ COVINGTON
UNITED STATES DISTRICT JUDGE