IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

CAROLE BASKIN and
HOWARD BASKIN,

    Plaintiffs,

vs.

ROYAL GOODE PRODUCTIONS LLC and
NETFLIX, INC.,

    Defendants.
_____

Case No.: 8:21-cv-02558-VMC-TGW

### DEFENDANTS ROYAL GOODE PRODUCTIONS LLC'S AND NETFLIX, INC.'S MOTION TO STAY DISCOVERY

Defendants Royal Goode Productions LLC ("RGP") and Netflix, Inc. ("Netflix") (collectively, "Defendants") move this Court to stay discovery pending the resolution of Defendants' Motion to Dismiss or Transfer. (D.E. 36; the "Motion.") A stay of discovery is appropriate for two reasons. First, if the Court grants the Motion, the suit will be properly transferred to the agreed-upon forum or disposed of entirely; moreover, the Motion meets the Middle District of Florida's "at least potentially meritorious" standard to warrant a stay. Second, the burdens of discovery outweigh any burdens associated with a stay, especially because Plaintiffs Carole and Howard Baskin (collectively, "Plaintiffs") sued Defendants for exercising their First Amendment rights, and the imposition of discovery is particularly burdensome because it chills Defendants' freedom of expression. For these reasons,

1

Defendants respectfully ask the Court to stay discovery pending its ruling on Defendants' Motion.

## BACKGROUND

Plaintiffs filed the instant suit on November 1, 2021, asserting breach of contract and declaratory judgment claims associated with the docuseries *Tiger King*. (D.E. 1.) Plaintiffs allege that they signed appearance releases in connection with the original *Tiger King* docuseries ("*Tiger King 1*") that do not permit Defendants to reuse footage of them in a sequel. After Defendants announced the release of a sequel ("*Tiger King 2*"), Plaintiffs filed the instant action alleging use of footage of them in *Tiger King 2* violated the appearance releases they signed. Defendants moved to transfer or dismiss on November 24, 2021.

The Complaint and accompanying Motion for Preliminary Injunction both recognize that New York law applies to Plaintiffs' contract claim. (D.E. 1 at 18; D.E. 1-4 at 7.) And the contracts governing the relationship between the parties unambiguously specifiy that any dispute "shall be interpreted, enforced and governed . . . under the jurisdiction of the New York courts located within New York County." *See* (D.E. 24-1 at 5; D.E. 24-2 at 4; D.E. 24-3 at 2; D.E. 24-4 at 3.)

Moreover, Plaintiffs not only filed the Complaint in the wrong jusisdiction, but their substantive contentions also feature multiple fatal flaws. First, the Complaint does not allege—plausibly or otherwise—any compensible damage, a critical element of the claim; second, the releases at issue do not prohibit any use of footage of Plaintiffs, and Defendants were not required to obtain new releases to use

2

the footage in *Tiger King 2*; and third, the declaratory judgment claim merely and impermissibly duplicates the breach of contract claim.

Defendants' Motion, which raises each of the above arguments, remains pending before the Court, and each argument constitutes a matter of law that the Court can evaluate without the aid of discovery.

Per the Court's order, the parties will file a case mangement report on or before December 8, 2021, (D.E. 13), and the parties have served no discovery to date. For the reasons explained below, Defendants ask the Court to stay discovery pending the resolution of Defendants' Motion.

## ARGUMENT

The pendency of a dispositive motion does not automatically stay discovery. But when a defendant challenges the legal sufficiency of a complaint, the Eleventh Circuit encourages district courts to rule on dispositive motions before discovery begins. *Chudasama v. Mazda Motor Corp.*, 123 F.3d 1353, 1367–68 (11th Cir. 1997). *See also Rivas v. The Bank of New York Mellon*, 676 Fed. App'x. 926, 932 (11th Cir. 2017) (holding that when a motion presents a pure question of law that could dispose of an entire case, then "neither the parties nor the court has any need for discovery before the court rules on the motion.") As the Eleventh Circuit explained, "[i]f the district court dismisses a nonmeritorious claim before discovery has begun, unnecessary costs to the litigants and to the court system can be avoided." *Chudasama*, 123 F.3d at 1368.

3

To avoid unnecessary costs, courts in this District frequently grant motions to stay discovery pending the resolution of motions that present purely legal questions for which discovery is unnecessary. *See, e.g.*, *David v. United States*, 2020 WL 1862606, at *2 (M.D. Fla. Apr. 14, 2020); *George & Co. LLC v. Cardinal Indus., Inc.*, 2019 WL 1468514, at *2 (M.D. Fla. Feb. 19, 2019); *Duo-Regen Techs., LLC v. 4463251 Canada, Inc.*, 2014 WL 12618711, at *1 (M.D. Fla. Feb. 14, 2014); *Seminole County Tax Collector v. Domo, Inc.*, 2018 WL 6620952, at *1 (M.D. Fla. Dec. 13, 2018); *Ave Maria Univ. v. Sebelius*, 2012 WL 13059434, at *2 (M.D. Fla. Nov. 28, 2012); *NCC Bus. Services, Inc. v. Lemberg & Associates, LLC*, 2013 WL 5428737, at *2 (M.D. Fla. Sept. 26, 2013).

Stays of discovery are especially warranted when the pending motion—as in this case—raises facially plausible grounds for transfer to another forum. *See Rando v. Gov't Employees Ins. Co.*, 5:06-CV-336-OC-10GRJ, 2006 WL 8439443, at *2 (M.D. Fla. Dec. 4, 2006) (staying discovery until the court could decide the proper forum); *Mulligan v. The Frank Found.*, 807-CV-1991-T-24MSS, 2008 WL 2074387, at *1 (M.D. Fla. May 14, 2008) (granting a motion to stay discovery until the court ruled on the motion to transfer); *Woronec v. Zachry Indus., Inc.*, 8:18-CV-2244-EAK-AEP, 2019 WL 12518266, at *1 (M.D. Fla. Apr. 12, 2019) (granting a stay of discovery to ensure that that discovery, if necessary, would "proceed in the proper forum"); *Active Acquisitions, LLC v. B+S Card Services GMBH*, 8:12-CV-737-T-23TBM, 2013 WL 12167540, at *2 n.2 (M.D. Fla. May 10, 2013) (approving the magistrate judge's

grant of a motion to stay discovery because a preliminary peek at the motion to dismiss showed that the forum selection clause issue would be dispositive).

In short, "[t]rial courts have a responsibility to properly manage pretrial discovery in order to avoid a waste of resources. Granting a discovery stay until an impending motion to dismiss is resolved is a proper exercise of that responsibility." *Brexendorf v. Bank of Am., N.A.*, 2018 WL 7252955, at *4 (M.D. Fla. Nov. 15, 2018) (citing *Rivas*, 676 Fed. App'x at 932).

The moving party bears the initial "burden of showing good cause and reasonableness in conjunction with the request for a stay of discovery." *Brexendorf*, 2018 WL 7252955, at *4. Good cause and reasonableness are determined by two factors. First, courts look to whether the dispositive motion is at least potentially meritorious and whether granting the dispositive motion would dispose of the entire case, rather than leave residual issues to evaluate later. Second, courts evaluate whether the burdens of discovery outweigh the burdens of a stay. *McCabe v. Foley*, 233 F.R.D. 683, 685 (M.D. Fla. 2006). Both factors, as explained below, independently warrant staying discovery in this case.

**1. Defendants' Motion is meritorious and will transfer the case to the proper forum or dispose of the entire case.**

Although a court need not fully decide a motion to transfer or dismiss to determine whether to grant an accompanying motion to stay discovery, the court "must take a preliminary peek at the merits of a dispositive motion to see if it appears to be clearly meritorious and truly case dispositive." *Id.* (citation omitted.) Notably,

5

this "peek" need only show that the motion presents a "*potentially* meritorious challenge" to justify a discovery stay. *David*, 2020 WL 1862606, at *2 (emphasis added). Where, as here, the motion is "potentially dispositive" of the entire case, then a discovery stay is proper. *Duo-Regen Techs.*, 2014 WL 12618711, at *1. *See also McCabe*, 233 F.R.D. at 685.

A "preliminary peek" at the Motion in this case reveals that the issues presented are meritorious and entirely dispositive of the case: primarily, Plaintiffs' claims are governed by New York law, and the parties signed unequivocal contracts specifying that all claims would be litigated in New York. *See Active Acquisitions, LLC*, 2013 WL 12167540, at *2 n.2 (staying discovery, pursuant to a preliminary peek, because the contracts contained clear forum selection clauses).

Moreover, Plaintiffs' claims are substantively meritless. First, Plaintiffs did not plead any damages, an essential element in any breach of contact case. And the type of reputational injury claimed elsewhere in Plaintiffs' filings is not recoverable under a breach of contract claim.

Second, Plaintiffs' case is based upon a mistaken assumption that Defendants were required to obtain appearance releases. But as Defendants' Motion explains, appearance releases are not necessary unless (a) a defendant uses a plaintiff's image to advertise a product or service, or (b) the parties expressly agree via contract to limit the use of one's image. As to option (a), Plaintiffs do not and cannot allege that Defendants used Plaintiffs' images in connection with any product or service, and as to option (b), the releases at issue are permissive and contain no provision that

expressly precludes any particular use of Plaintiffs' images. In the absence of either option (a) or (b), the default legal posture—that the First Amendment protects a filmmaker's right to depict persons without their consent—applies to Defendants in this case.

And finally, Plaintiffs' declaratory judgment count is simply a repackaged iteration of their breach of contract claim, and because the breach of contract claim is facially deficient, the declaratory judgment claim necessarily fails as well.

Each of the above are issues of law for which the Court does not need discovery to properly evaluate. And because these reasons for transfer and dismissal are, at least, *potentially* meritorious, and any of them would dispose of the entire case, a stay of discovery is warranted.

2. **The burdens of discovery outweigh any burdens associated with a stay.**

"As long as delaying discovery does not cause [a] Plaintiff any significant harm, then a stay of discovery is appropriate." *George*, 2019 WL 1468514, at *1 (citation omitted).[1] By staying discovery in such cases, "the Court and the parties can

---

[1] Put differently, a stay is proper when "the harm produced by a delay in discovery" is less than "the likely costs and burdens of proceeding with discovery." *McCabe*, 233 F.R.D. at 685 (citation omitted). Defendants do not contemplate any "harm produced by a delay in discovery" in this case. *See id.* But to the extent that Plaintiffs are concerned about possible delays associated with court-ordered deadlines, such burdens are illusory because if the Court grants the discovery stay, the Court can also suspend or amend any other deadlines in the case. *See Woronec*, 2019 WL 12518266, at *1 (granting a motion to stay discovery pending resolution of a motion to place the action in another forum and noting that "to the extent that [party] is concerned about the effect of a stay on the parties' ability to complete discovery in advance of the discovery deadline, as set forth in the Case Management and Scheduling Order, [party] may file a motion to amend the case management deadlines.") In fact, here there is no scheduling order yet entered in the case, and the Court is well-positioned to take account of the requested stay in entering any such order.

be spared the various, significant costs of discovery." *NCC Bus. Services*, 2013 WL 5428737, at *1 (quotation omitted).

In this case, staying discovery imposes no additional risks or burdens because even if the Court later denies the Motion, all possible discovery, remedies and procedural options would remain available to all parties once discovery re-opened. But the burdens associated with not staying discovery are significant: if the Court transfers the case to the proper forum or dismisses the suit, discovery is unnecessary (or governed by local New York rules), but the parties would have needlessly wasted significant amounts of time and resources in Florida in the meantime. *See Chudasama*, 123 F.3d at 1368. *See also Rando*, 2006 WL 8439443, at *2 (granting a stay of discovery because if discovery proceeded "before a determination has been made as to whether the District of Delaware or this Court will be the court to address whether the claims of [the plaintiff] are or are not covered under the Delaware Policy, [the defendant] may be forced to incur needlessly unnecessary discovery costs.")

Moreover, the burdens on Defendants are intensified in this case because the Complaint attempts to chill Defendants' First Amendment rights by limiting Defendants' constitutionally protected expressive activity. When faced with a similar situation, a neighboring court explained the significance of this chilling effect as follows:

> The Court's review of the complaint and the motion to dismiss leaves it with the concern that Plaintiff's defamation claim may be legally insufficient because the challenged statements may be . . . protected by

8

> the First Amendment. Absent a stay of discovery pending determination of these threshold legal issues, Defendants will be forced to expend considerable resources to respond to Plaintiff's discovery requests. The Eleventh Circuit instructs that this is precisely when a stay of discovery is warranted. *See Chudasama*, 123 F.3d at 1367-68 (discussing the significant costs of discovery on litigants and finding "[i]f the district court dismisses a nonmeritorious claim before discovery has begun, unnecessary costs to the litigants and to the court system can be avoided."). Nor can Plaintiff reasonably claim prejudice as a result of a stay. Should this Court deny the Motion to Dismiss, any discovery to which Plaintiff may ultimately be entitled will be available following the stay.

*Borislow v. Canaccord Genuity Group Inc.*, 14-80134-CIV, 2014 WL 12580035, at *1 (S.D. Fla. June 24, 2014). As in *Borislow*, the instant suit at bottom seeks to suppress expression—in the form of Defendants' films—that is protected by the First Amendment to the U.S. Constitution. In such cases, a stay of discovery is especially warranted.

## **CONCLUSION**

Defendants do not file the instant Motion to Stay for purposes of delay. Indeed, Defendants desire a rapid adjudication of the underlying suit, whether here or in the proper forum of New York. But until the Court decides the threshold issue of where—or whether—the case should proceed, discovery is unnecessary and burdensome. For these reasons, Defendants respectfully ask the Court to stay discovery pending the resolution of Defendants' Motion to Dismiss or Transfer.

## LOCAL RULE 3.01(g) CERTIFICATION

Pursuant to Local Rule 3.01(g), counsel for Defendants certifies that she spoke with counsel for Plaintiffs and that Plaintiffs oppose the relief requested herein.

Respectfully submitted,

*/s/ Rachel E. Fugate*
Rachel E. Fugate
Florida Bar No. 0144029
Deanna K. Shullman
Florida Bar No. 514462
Giselle M. Girones
Florida Bar No. 124373
Shullman Fugate PLLC
100 South Ashley Drive, Suite 600
Tampa, FL  33602
Telephone: (813) 935-5098
rfugate@shullmanfugate.com
dshullman@shullmanfugate.com
ggirones@shullmanfugate.com

*Attorneys for Defendants*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on December 1, 2021, I electronically filed the foregoing with the Clerk of the Court by using the court's CM/ECF system.

*/s/ Rachel E. Fugate*
Rachel E. Fugate