IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

CAROLE BASKIN, an individual,

and

HOWARD BASKIN, an individual,

       Plaintiffs,

vs.                                                                               CASE NO. 8:21-cv-02558-VMC-TGW

ROYAL GOODE PRODUCTIONS
LLC., a New York limited liability
company, and NETFLIX, INC., a
Delaware corporation,

       Defendants.
_____/

**PLAINTIFFS' NOTICE OF WITHDRAWAL OF MOTION FOR
PRELIMINARY INJUNCTION (Doc. 4) AND PROVISIONAL OBJECTIONS
TO REPORT AND RECOMMENDATION (Doc. 31) PURSUANT
TO 28 U.S.C. §636(b)(1)(C)**

The Plaintiffs, Carole Baskin and Howard Baskin (the "Baskins") brought this action on November 1, 2021 seeking to enjoin Defendants from using film footage of the Baskins in a program entitled *Tiger King 2* because the Baskins had not granted permission for this use in certain Appearance Releases. After denying the Baskins' Emergency Motion for Temporary Restraining Order (Doc. 8), this Court referred the Baskins' Motion for Preliminary Injunction to Judge Thomas G.

Wilson for hearing and issuance of a Report and Recommendation in accordance with 28 U.S.C. §636(b)(1)(C).

Since Defendant Netflix had announced its intention to release *Tiger King 2* on November 17, 2021, the Baskins requested emergency consideration of their request for preliminary injunction so as to secure a ruling by November 16, 2021. Due to Judge Wilson's crowded docket, the earliest available time for the preliminary injunction hearing was November 15, 2021 at 2:30 PM. (Doc. 16).

While the preliminary injunction hearing was conducted at that time, Judge Wilson's Report and Recommendation was not issued until November 19, 2021. (Doc. 31). In the interim, Defendant Netflix released *Tiger King 2*.

The release of *Tiger King 2* prevents the maintenance of the *status quo ante* sought by the Baskins. Although the irreparable harm asserted by the Baskins continues as long as the unauthorized film footage remains a part of *Tiger King 2*, the Baskins have resigned themselves to the reality that equitable relief prior to an adjudication on the merits of the Baskins' claims is not attainable. In effect, "the genie cannot be returned to the bottle," at least prior to a resolution on the merits. Hence, the Baskins withdraw their motion for preliminary injunction at this time.

## PROVISIONAL OBJECTIONS PURSUANT TO 28 U.S.C. §636(b)(1)(C)

The Baskins' withdrawal of their motion for preliminary injunction moots Judge Wilson's Report and Recommendation. Further, because "[a] party … is not required to prove his case in full at a preliminary injunction hearing, the findings of fact and conclusions of law made by a court granting a preliminary injunction are not binding at trial on the merits," *University of Texas v. Camenisch*, 451 U.S. 390, 395, 101 S.Ct. 1830, 1834 (1981), no objections to the Report and Recommendation need be entertained by this Court.

However, in an abundance of caution and to avoid any suggestion that the Baskins have acquiesced in any finding of fact or conclusion of law set forth in the Report and Recommendation, the Baskins provisionally assert the following objections to the extent required under 28 U.S.C. §636(b)(1)(C):

1. To the extent that an injunction enforcing the limitations to the use of the film footage of the Baskins agreed to by the parties in the Appearance Releases constitutes a "prior restraint," the fact that the parties agreed to the contractual limitation permits the use of injunctive relief to enforce this agreed limitation. As recognized by the Second Circuit in *Ronnie Van Zant, Inc. v. Cleopatra Recs., Inc.*, 906 F.3d 253 (2d Cir. 2018), in which private parties sought to enforce a contract to prohibit release of a film, although "[t]he Defendants … see this case as a classic First Amendment

violation involving an unlawful prior restraint[, i]t is not. No government entity has obtained a court order to prevent the making or release of the Film …." *Id.* at 257. "[P]arties are free to limit by contract publication rights otherwise available." *Id.* Although the Second Circuit reversed the injunction issued by the trial court against release of the film, it did so because the injunction went beyond the scope of what the parties had agreed to in their contract. *See id.* at 258. Indeed, the contractual restriction which the *Ronnie Van Zant, Inc.* Court recognized as being constitutionally permissible, was far more extensive and restrictive than the limitation in the Baskins' Appearance Releases. In *Ronnie Van Zant, Inc.*, **no** documentary film was allowed. Here, the Baskins' do not seek to enjoin the Defendants' narrative, but only ask that the subject film footage not be used. Further, the absence of any "express prohibition" in the Baskins' Appearance Releases to the use of the film footage does not alter the contractual limitation nor affect the First Amendment analysis.

2. The Baskins did not agree that their 2019 Appearance Releases superseded the seven (7) prior Appearance Releases. (*See* Doc. 31 at 19). The Baskins merely stated that 2019 Appearance Releases were consistent with the limitations of the seven (7) prior Appearance Releases from 2014-

4

18 that prohibited use of the film footage beyond the initial, single documentary motion picture. Indeed, Judge Wilson agreed with this interpretation of the Appearance Releases. (*See* Doc. 31 at 20-24). However, the Baskins did not at any time and do not now agree that the 2019 Appearance Releases supersede the seven (7) prior Appearance Releases from 2014-18.

3. The fact that the Baskins' reputations were severely damaged by Defendants in *Tiger King 1* does not foreclose the Baskins from suffering irreparable injury should *Tiger King 2* persist in the same manner. There is no evidence that the Baskins are "libel proof" in the manner that the publisher of *Penthouse* magazine was in *Guccione v. Hustler Magazine, Inc.*, 800 F.2d 298, 303 (2d Cir. 1986). The mere fact that Defendants severely damaged the Baskins' reputations in *Tiger King 1*, does not give the Defendants a pass to do so again using the unauthorized film footage.

                         Respectfully submitted,

                         */s/ Frank R. Jakes*
                         Frank R. Jakes
                         *LEAD COUNSEL*
                         Florida Bar No. 372226
                         E-Mail: FrankJ@jpfirm.com
                         Joseph J. Weissman
                         Florida Bar No. 0041424
                         E-Mail: JosephW@jpfirm.com

JOHNSON, POPE, BOKOR,
RUPPEL & BURNS, LLP
P.O. Box 1100
Tampa, FL 33601-1100
TEL: (813) 225-2500
FAX: (813) 223-7118
Attorneys for Plaintiffs

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on December 3, 2021, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system, which will send a notice of electronic filing to all counsel of record.

/s/ Frank R. Jakes
FRANK R. JAKES
*Attorney for Plaintiffs*

7499164